## WILLEY v. WILLIAMSON PRODUCE

[357 N.C. 41 (2003)]

RALPH G. WILLEY, Guardian Ad Litem for ELIZABETH MULLINS, Minor Daughter of WILLIAM HENRY MULLINS, Deceased, Employee v. WILLIAMSON PRODUCE, Employer, THE GOFF GROUP, Carrier

No. 159A02

(Filed 28 March 2003)

**Workers' Compensation— death benefits—truck driver— cocaine impairment—insufficient evidence**

The decision of the Court of Appeals vacating and remanding an award of compensation for the death of a tractor-trailer driver in a one-vehicle accident is reversed for the reasons stated in the dissenting opinion that there was competent evidence to support the Industrial Commission's findings that it cannot be shown that 300 nanograms of the metabolite of cocaine in the deceased driver's urine after the accident had a measurable pharmacological effect on him at the time of the accident and that defendant employer thus did not produce sufficient evidence to prove that the accident was proximately caused by the driver being under the influence of cocaine so as to bar compensation pursuant to N.C.G.S. § 97-12.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 149 N.C. App. 74, 562 S.E.2d 1 (2002), reversing an amended opinion and award entered 7 December 2000 by the North Carolina Industrial Commission and remanding for further proceedings. Heard in the Supreme Court 10 March 2003.

*Keel O'Malley, L.L.P., by Susan M. O'Malley, for plaintiff-appellant.*

*Lewis & Roberts, P.L.L.C., by John H. Ruocchio, for defendant-appellees.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Linda Stephens, on behalf of the North Carolina Association of Defense Attorneys, amicus curiae.*

*Mark T. Sumwalt, P.A., by Vernon Sumwalt, on behalf of the North Carolina Academy of Trial Lawyers, amicus curiae.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals.

REVERSED.

———————

RICHARD D. SIBLEY, Petitioner v. THE NORTH CAROLINA BOARD OF THERAPY EXAMINERS, Respondent

No. 429A02

(Filed 28 March 2003)

**Physical Therapy— suspension of license—hugs, kisses, sex with patient—inadequate evidence and findings**

The decision of the Court of Appeals upholding an order of the Board of Physical Therapy Examiners suspending the license of a physical therapist who hugged and kissed a patient and engaged in sexual intercourse with another patient is reversed for the reasons stated in the dissenting opinion that the evidence and the Board's findings were inadequate to support the Board's conclusions that the therapist's conduct amounted to incompetence in violation of N.C.G.S. § 90-270.36(9).

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 151 N.C. App. 367, 566 S.E.2d 486 (2002), affirming an order entered 17 November 2000 by Judge Ronald K. Payne in Superior Court, Buncombe County. Heard in the Supreme Court 11 March 2003.

*Hyler & Lopez, P.A., by George B. Hyler, Jr., and Robert J. Lopez, for petitioner-appellant.*

*Satisky & Silverstein, L.L.P., by John M. Silverstein, for respondent-appellee.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals.

REVERSED.